IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM LEROY BRADLEY                                                                     PLAINTIFF

v.                                       Civil No. 4:23-cv-04015

TOMMY POTTER                                                                              DEFENDANT

## REPORT AND RECOMMENDATION

Plaintiff, William Leroy Bradley, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on February 16, 2023. (ECF No. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3).

In his Complaint, Plaintiff alleges his criminal defense attorney, Tommy Potter, failed to represent him effectively in his criminal case.[1] Specifically, Plaintiff claims he paid Mr. Potter

---

[1] Plaintiff describes Mr. Potter as a municipal judge in Texarkana, Arkansas in his Complaint,

1

$4,000.00 to represent him in his criminal matter, and Mr. Potter inappropriately convinced Plaintiff to take a guilty plea. Further, Plaintiff alleges the discovery in his criminal matter did not support a finding of guilty, and if Mr. Potter would have disclosed this to Plaintiff, Plaintiff would not have plead guilty to his criminal charges. (ECF No. 1, pp. 6-9).

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

however, the actions complained of by Plaintiff occurred before Mr. Potter became municipal judge.

2

### III.      DISCUSSION

The facts set forth by Plaintiff here do not support any plausible cause of action for relief under 42 U.S.C. § 1983.  To state a claim under Section 1983, the Plaintiff must allege his constitutional rights were violated and show the defendant acted under color of state law in perpetrating the alleged violation.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (private actors can only be liable under Section 1983 if "they are willing participants in a joint action with public servants acting under color of state law.") (internal citations omitted).  "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation."  *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").  Accordingly, Plaintiff's complaints regarding the representation by his retained counsel, Tommy Potter, do not constitute a cognizable claim under 42 U.S.C. § 1983.

Furthermore, Plaintiff is in effect claiming ineffective assistance of counsel against Mr. Potter.  This is a challenge to the validity of Plaintiff's conviction.  Plaintiff may not use Section 1983 as a substitute for *habeas corpus* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254.  *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

Finally, Plaintiff's claim seeks damages for an unconstitutional conviction or imprisonment, and such claims are barred unless "the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has produced no evidence or allegations in his complaint to meet the *Heck* requirements.

## V. CONCLUSION

For these reasons, it is recommended:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of March 2023.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE